James G. Schwartz, Esq. (SBN 069371)
Law Offices of James G. Schwartz
A Professional Corporation
7901 Stoneridge Drive, Suite 401
Pleasanton, California 94588
Telephone: (925) 463-1073
Facsimile:  (925) 463-2937

Attorneys for Plaintiffs
SHELLY HOWELL DBA HOWELL TALENT RELATIONS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHELLY HOWELL DBA HOWELL TALENT RELATIONS,<br><br>  Plaintiff,<br><br>v.<br><br>TAICOA CORPORATION, a New York corporation, dba MICATO SAFARIS; and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No. C 12-3785-WHO<br><br>**STIPULATION AND ORDER REGARDING HANDLING CONFIDENTIAL MATERIALS**<br><br>Judge: William H. Orrick<br>Courtroom: 2 |

**IT IS HEREBY STIPULATED** by and between Plaintiff SHELLY HOWELL DBA HOWELL TALENT RELATIONS ("Plaintiff") and Defendant TAICOA CORPORATION, a New York corporation, dba MICATO SAFARIS ("Defendant") (collectively, the "Parties") as follows:

A.   **GENERAL PROVISIONS AND DEFINTIONS**

   1.   Scope

      a.   This Stipulated Order Governing the Designation and Handling of Confidential Materials ("Order") shall apply to all "writings," "recordings" and "photographs" as defined in

**STIPULATION AND ORDER REGARDING HANDLING CONFIDENTIAL MATERIALS**

in sections 1001 (1) and (2) of the Federal Rules of Evidence and to any other tangible thing produced pursuant to Rule 34 of the Federal Rules of Civil Procedure. This definition applies equally to original as well as to derivative writings, recordings and photographs (including, but not limited to, copies, extracts, digests, compilations and summaries).

      b. This Order shall govern any document or information furnished by any party, or third parties, to any other party in connection with the discovery and pre-trial phase of this action. This includes, but is not limited to, material produced in connection with initial disclosures or in response to demands for production of documents or other things; responses to interrogatories; responses to requests for admission; responses to subpoenas; deposition testimony and exhibits; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. This Order does not govern proceedings during trial, nor does it prohibit any party from seeking an order to govern proceedings during trial.

    2.    <u>Materials Outside of This Order's Scope</u>

The restrictions of this Order will not apply to:

    a.    Any material that, at the time of disclosure, is in the public domain, in a form the same as or substantially similar to that disclosed; and

    b.    Any material that, after disclosure, becomes part of the public domain, in a form the same as or substantially similar to that disclosed, as a result of publication not involving a violation of this Order.

    3.    <u>"Confidential Material" Defined</u>:

For purposes of this Order, "Confidential Material" shall mean those documents or information, of any type, kind or character, designated as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS EYES ONLY" by any of the producing or receiving Parties, including, but not limited to, documents (in any form), information contained in a document, information revealed during a deposition and information revealed in written discovery responses.

In designating information as Confidential Material, a party will make such designation only as to that information which it, in good faith, believes contains confidential or proprietary trade secrets,

**STIPULATION AND ORDER REGARDING HANDLING CONFIDENTIAL MATERIALS**

operations, research, know-how, developmental information, or other non-public information. Should such information be publicly disclosed, it would cause significant competitive harm to the designating party, and could impair property rights.

Confidentiality is necessary in this case because this matter is a dispute between Plaintiff and Defendant involving confidential and proprietary information that also may contain sensitive information concerning third parties. Accordingly, trade secrets and other proprietary and confidential information have been, and will continue to be, the subject of discovery. Public disclosure of trade secrets and confidential information generally impairs the property right, and public disclosure of operations, research, know-how, developmental information, or other non-public information could impair the ability to seek intellectual property protection including but not limited to patent protection and/or trade secret protection, as well as undermine competitive advantage and remove the incentive for invention. In addition, public disclosure of Confidential Materials could violate an obligation of confidentiality to a third person, including a court.

Nothing shall be designated as "CONFIDENTIAL—ATTORNEYS EYES ONLY" except Confidential Material that discloses highly sensitive competitive information, that the other party in this litigation may be able to use to inflict direct competitive harm on the designating party. In making this designation, the party shall act in good faith. Such information includes, but is not limited to: trade secrets; business plans; sales or marketing strategies; product development information; corporate strategies and processes; profit information; financial results and projections; sales data; and highly sensitive competitive information concerning customers, vendors, dealers, employees or consultants.

It is the intention of the Parties herein that the procedures set forth in this Order permitting the designation of documents and information as Confidential Material (under either a CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY designation) will obviate the need to redact Confidential Material prior to production, except as set forth in paragraph C(3) below.

4. "Qualified Person" Defined

For the purposes of this Order, "Qualified Person" shall mean:

    a.    The Parties' outside counsel of record in this action and regular and temporary partners, associates, paralegals, employees or service contractors (such as document copy services,

graphic design services, jury consultants, mock jurors, and messengers) of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

  b. Any independent outside expert or consultant retained by the Parties' outside counsel or the Parties to assist in this action;

  c. Personnel of the Court, pursuant to this Order;

  d. Any interpreter, videographer, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

  e. The Parties;

  f. Any person who authored or was an identified original recipient of the Confidential Material;

  g. Any mediator or arbitrator selected by the Parties or assigned by the Court to assist in resolving this matter, and any regular and temporary partners, associates, paralegals, employees or service contractors of such mediator or arbitrator to whom it is necessary that the information and material be shown for purposes of settlement and/or mediation of this matter; and

  h. Any other person only upon order of the Court or upon written consent of the Parties.

## B. DESIGNATION PROCEDURES

Documents or information may be designated as Confidential Material as follows:

### 1. Written Materials and Objects

Written materials or objects may be designated as Confidential Material by placing on the written materials or physical objects in a conspicuous place the legend: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

### 2. Non-Written Materials

Materials not in the form of writings or physical objects (including, but not limited to, depositions or other pre-trial testimony) or materials that cannot be conveniently designated as set forth above may be designated as Confidential Material by a statement on the record, by counsel, during such deposition or other proceeding that the entire transcript or a specific portion shall be designated as "CONFIDENTIAL"

or "CONFIDENTIAL – ATTORNEYS EYES ONLY." Designation in Conformity with this Protective Order requires the following:

### 3. Time of Designation

It is preferred that the designation be made at the time such Confidential Material is produced or disclosed. However, a party or third party may designate any written or non-written materials or objects as Confidential Material by giving written notice within a reasonable period of time after the information is produced or disclosed. No party or third party shall have any obligation or liability due to any disclosure of the information that occurred prior to the receipt of such notice.

## C. DISSEMINATION OF CONFIDENTIAL MATERIAL

### 1. Disclosure of Confidential Material

Confidential Material shall be used solely to prepare for and try this litigation and any appeal or for purposes of settlement and mediation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

Confidential Material shall not be disclosed or made available by any Party to this litigation to persons other than Qualified Persons as defined in paragraph A(4) above; provided, however, Confidential Material designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be restricted in circulation to Qualified Persons described in paragraph A(4)(a), (b), (c), (d), (f) (g) and (h) above, subject the procedures set forth in paragraph C(3) below. Confidential Material shall not be disclosed to persons described in section (b) or (h) unless or until such person has executed an affidavit in the form attached as Exhibit "A."

### 2. Attorneys' Actions

a. Nothing in this Order will bar or otherwise restrict an attorney who is authorized to receive Confidential Material from rendering advice to his or her client with respect to this action or generally referring to or relying on his or her examination of Confidential Material that has been produced under this Order.

      b.     In rendering such advice or in otherwise communicating with his or her client, the attorney will not disclose the specific content of any Confidential Material produced, if disclosure would not otherwise be permitted under the terms of this Order.

     3.    <u>Disclosure of Confidential Materials designated CONFIDENTIAL – ATTORNEYS EYES ONLY to Parties</u>

In the event that the attorney for the receiving party wishes to produce to his or her client documents or information that has been designated CONFIDENTIAL – ATTORNEYS EYES ONLY, the following procedure is to be followed:

      a.     If the attorney for the receiving party wishes to disclose to his or her client documents which have been designated CONFIDENTIAL – ATTORNEYS EYES ONLY, notice of this fact shall be forwarded to the attorney for the designating party, along with the documents the attorney for the receiving party wishes to disclose. In the event that the documents are bate stamped or are otherwise specifically identifiable by a production number, a list of the specific document numbers shall be sufficient in lieu of transmitting the actual documents to the designating party.

      b.     The attorney for the designating party shall have fifteen (15) calendar days from the date of the notice to redact the specific information in each document which warranted the initial designation as CONFIDENTIAL – ATTORNEYS EYES ONLY, and to provide the redacted versions of the documents to the receiving party's attorney. With specific reference to materials designated as CONFIDENTIAL – ATTORNEYS EYES ONLY by the Plaintiff, the Parties have agreed that redaction may include (but is not necessarily limited to) the names, addresses, telephone numbers and email addresses of any agent of any celebrity contacted by or on behalf of the Plaintiff with regard to the subject matter of this litigation, and the addresses, telephone numbers and email addresses of any celebrity contacted by or on behalf of the Plaintiff with regard to the subject matter of this litigation. The Parties have agreed that the names of the celebrities themselves will not be redacted under this procedure.

      c.     Upon receipt of the redacted CONFIDENTIAL – ATTORNEYS EYES ONLY documents from the designating party, the attorney for the receiving party may disclose said redacted documents to this or her client, and will advise the client that, although redacted, the documents remain Confidential Material and subject to the terms of the Protective Order.

        d.      If the redacted documents are not received by the attorney for the receiving party by the tenth day after notice, then the attorney for the receiving party may produce the un-redacted CONFIDENTIAL – ATTORNEYS EYES ONLY documents to his or her client, unless the Parties mutually agree to an extension of time. Upon such disclosure, the attorney for the receiving party will advise the client that the documents remain Confidential Material subject to the terms of the Protective Order.

        e.      In the event the attorney for the receiving party objects to the redaction of any documents or information on the grounds that such redactions have been made to documents or information which does not warrant a CONFIDENTIAL – ATTORNEYS EYES ONLY designation, the procedure set forth in paragraph D below shall be followed.

**D.    OBJECTIONS TO DESIGNATION**

A party may object to a designation of documents or information as Confidential Material by serving a written objection upon the designating party. The designating party shall notify the objecting party in writing of the bases for the asserted designation within fifteen (15) calendar days after receiving any written objection. The Parties shall meet and confer in good faith as to the validity of the designation within five (5) calendar days after the challenging party has received the notice of the bases for the asserted designation.

To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to the Court with any confidential portion to be kept under seal, requesting that specifically identified documents, information, and/or testimony be excluded from the provisions of this Order. The burden of proving the confidentiality of the designated document and/or information remains with the party asserting such confidentiality. Until the Parties or the Court finally resolve a dispute over the asserted designation, all Parties and persons shall treat the information or materials in question as Confidential Materials, pursuant to the terms of this Order.

**E.    USE AND HANDLING OF CONFIDENTIAL MATERIAL**

    1.    <u>Use of Confidential Material</u>

Any Confidential material will be held in confidence by each receiving party; will be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental

purpose of function; will be used by each receiving party for purposes of this action only and not for any business or other purpose unless agreed to in writing by all Parties to this action or as authorized by the further Order of the Court; and will not be disclosed to, or the substance discussed with, any person who is not authorized to receive such Confidential Material pursuant to this Order.

2. <u>Use of Confidential Material in Documents Filed Under Seal:</u>

Under Civil Local Rule 79-5, no document that contains Confidential Material "may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof." The parties must comply with the requirements of Civil Local Rule 79-5 in applying to the Court for an order filing documents under seal.

3. <u>Use of Confidential Material in Testimony and Depositions</u>

Any person may be interviewed and examined as a witness at depositions and may testify concerning (1) all Confidential Material of which the person has prior knowledge, and (2) as to Confidential Material for which his or her company is the producing party, unless the person would not have access to the Confidential Material during the normal course of his or her employment, the producing party objects to such a disclosure, and such objection is based on a good-faith assertion that the producing party has a legitimate business reason why such disclosure should not be made. If an interview or examination concerns Confidential Material, any party will have the right to exclude from the portion of the examination or interview concerning Confidential Material any person other than the witness, the witness' attorneys, and person authorized to review such Confidential Material. If the Witness is represented by an attorney who is not authorized to review the Confidential Material, then before the interview or examination, the producing party will be given the opportunity to seek a further order or the attorney will be requested to provide a declaration, in the form of Exhibit "A" to this Order.

4. <u>Subpoenas</u>

If any party having, possession, custody or control of any Confidential Material receives a subpoena, other process or order to produce Confidential Material, it will promptly:

    a.    Notify in writing the attorneys of record of the party claiming confidentiality of the Confidential Material sought by the subpoena or other process or order;

    b.    Furnish those attorneys with a copy of the subpoena or other process or order; and

  c. Provide reasonable cooperation with respect to a procedure to protect the Confidential Material. If the party asserting confidentiality makes a motion to quash or modify the subpoena, process or order, there will be no disclosure, process or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it, if the person or party has fulfilled its obligations under this Order.

  5. <u>Safekeeping of Confidential Material</u>

Confidential Material shall be maintained in the custody of outside trial counsel of record for the Parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of those documents may be retained by authorized recipients entitled to access to such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of documents designated as Confidential Material shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

**F. MISCELLANEOUS PROVISIONS**

  1. <u>Effect</u>

Entering into, agreeing to, and/or producing or receiving Confidential Material, or otherwise complying with the terms of this Order, shall not:

  a. Operate as an admission by any party that any particular Confidential Material does or does not contain or reflect trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

  b. Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential Material;

  c. Prejudice in any way the rights of the Parties to object to the production of documents or giving of information they consider not subject to discovery;

d.   Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

e.   Prejudice in any way the rights of a party to petition the Court for a further protection relating to any purportedly confidential information;

f.   Prejudice in any way the rights of a party to make a showing that materials of proprietary or competitive value, but not specifically included in the category of Confidential Material, may be properly designated as such;

g.   Prevent the Parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for in this Order with respect to any particular Confidential Material; or

h.   Prejudice in any way the rights of a party to apply to the Court at any time to modify or rescind the restrictions of this Order, when convenience or necessity so requires.

The procedures set forth in this Order will not affect the rights of the Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

2. <u>No waiver</u>

The taking of, or the failure to take, any action to enforce the provision of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, nor will it be construed to be admissible or offered before any Court, agency or tribunal in this action or any other action, as evidence for any claim or defense that any information is or is not relevant, material, or otherwise discoverable; is or is not confidential or proprietary to any party; or is or is not entitled to particular protection.

3. <u>No Probative Value</u>

This Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any confidential information. The fact that Confidential Material is marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Order will not be considered to be determinative of what a trier of fact may decide to be confidential or proprietary. The fact that Confidential Material has been designated as such under this Order will not

relevant during the trial of this action, and the Parties will jointly agree on an instruction to the jury regarding the lack of relevance of this designation.

4. Court's Jurisdiction

The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the Court from time to time may consider appropriate. The provisions of this Order regarding the use or disclosure of Confidential Material will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

5. Notices

Any of the notice requirements in this Order may be waived, in whole or in part, if such waiver is made in writing and signed by the attorney of record for the party against whom such waiver is sought.

6. Amendments

The parties may not amend this Order, except in writing and by Order of this Court.

7. Privileged Documents

If any party inadvertently produces a document that it believes is privileged, the receiving party shall immediately return the document and may not claim a waiver based on the production.

8. Binding on All Parties

This Order, upon entry as such by the Court, shall bind the Parties represented by the undersigned counsel, the Parties' agents, officers, directors, employees, and representatives.

**IT IS SO STIPULATED.**

Dated: August 7, 2013        Rubin, Hay & Gould, P.C.

By: _____
Rodney E. Gould
Attorneys for Defendant Taicoa Corporation
D/B/A Micato Safaris

STIPULATION AND ORDER REGARDING HANDLING CONFIDENTIAL MATERIALS

-11-

Dated: August 7, 2013   Walsworth Franklin Bevins & McCall, LLP

By: _____
Laurie E. Sherwood
Attorneys for Defendant Taicoa Corporation
D/B/A Micato Safaris

Dated: August 12, 2013   Law Offices of James G. Schwartz, P.C.

By: _____
James G. Schwartz
Attorneys for Plaintiff Shelly Howell DBA
Howell Talent Relations

## ORDER

Good cause appearing, the foregoing stipulation is APPROVED.

Date: August 13, 2013   _____
The Hon. Maria-Elena James
United States Magistrate Judge

STIPULATION AND ORDER REGARDING HANDLING CONFIDENTIAL MATERIALS

**EXHIBIT A**

I, _____, [print or type name], of

_____[Company and address], declare under penalty of perjury that I have received a copy of the Stipulated Order Governing the Designation and Handling of Confidential Material ("Order") entered in the matter of *Shelly Howell, DBA HOWELL TALENT RELATIONS v. TAICOA COPORATION, a New York Corporation, DBA MICATO SAFARIS,* (United States District Court, Northern District of California, San Francisco Division, Case No. C 12-3785-WHO).

I have carefully read and understand the provisions of this Order.

I am bound by the terms and conditions of the Order, and agree to comply with the terms and conditions of the Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Material that I receive in this action.

I submit to the jurisdiction of this Court for purposes of enforcement of the Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed this \_\_\_\_ day of _____ (month/year).

_____
Signature of Declarant

:Howell\ProtectiveOrder\Final          2071.0001

STIPULATION AND ORDER REGARDING HANDLING CONFIDENTIAL MATERIALS

-13-