UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELLY HOWELL DBA HOWELL TALENT RELATIONS,

     Plaintiff,

v.

TAICOA CORPORATION, a New York corporation, dba MICATO SAFARIS; and DOES 1 through 100, Inc.

     Defendants.

Case No. CV 12-3785-WHO

**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL, AND DENYING PLAINTIFF'S MOTION TO CONTINUE DEFENDANTS' MOTION FOR SANCTIONS**

**Dkt. Nos.: 47, 49**

## INTRODUCTION

    Defendant Taicoa Corporation, d/b/a Micato Safaris ("Micato") filed a motion for sanctions against plaintiff Shelly Howell d/b/a Howell Talent Relations ("Howell") for allegedly willful destruction of evidence. Dkt. No. 48. Howell's opposition to the motion is due October 25, 2013. The motion is scheduled to be heard on November 20, 2013. The parties have filed administrative motions to file documents in seal in connection with their briefing for and in opposition to the motion for sanctions. *See* Dkt. Nos. 47, 49. Howell has also moved to continue the sanctions motion. Dkt. No. 49. For the reasons stated below, Micato's motion to file under seal is GRANTED, Howells's motion to file under seal is GRANTED IN PART and DENIED IN PART, and Howell's motion to continue the sanctions motion is DENIED.

## DISCUSSION

**1. Micato's motion to file under seal (Dkt. No. 47)**

    Micato has moved to file under seal three letters sent by Howell to purported celebrities to solicit their participation in Micato's safari. These letters were designated AEO by Howell. The letters contain Howell's "pitches" to celebrities and thus constitute trade secrets, disclosure of which

could cause Howell competitive harm.   Good cause thus appears for filing these documents under seal and Micato's motion is GRANTED.  Dkt. No. 47.  Exhibit E to the Sherwood Declaration lodged with the Court shall be filed under seal.

**2. Howell's motion to file under seal (Dkt. No. 49)**

Howell has moved to file under seal i) 24 pages of its responses to Micato's interrogatories; ii) an email summary of "celebrities and/or their agents who were contacted by Plaintiff regarding the program and a summary of their interest in participating in the program," Dkt. No. 49 at 2; iii) the same solicitation letters Micato seeks to file under seal, addressed above; and iv) "further confidential and proprietary information concerning celebrities and their agents."  Dkt. No. 49 at 3.  The Court addresses each category.  For the reasons stated below, Howell's motion is GRANTED IN PART and DENIED IN PART.

i.     Responses to interrogatories

Howell states that "[t]he identification of celebrities and other information stated in the answers is confidential and proprietary and, therefore, should be filed under seal."  Dkt. No. 49 at 2.  Howell does not identity what "other information" among the 24 pages of responses should be filed under seal. The Court agrees that the identities of purported celebrities may properly be filed under seal as they constitute Howell's potential clients and, thus, a trade secret.  However, the remaining information in the responses is not properly sealable.  Accordingly, Howell shall file the document, lodged with the Court as Exhibit A to the Schwartz Declaration, under seal but shall file, in the public record, a version of this document that redacts only the names and personally identifying information of any purported celebrities.

ii.    Email summary

As above, Howell shall file the email summary, lodged with the Court as Exhibit B to the Schwartz Declaration, under seal but shall file, in the public record, a version of the document that redacts only the names and personally identifiable information of any purported celebrities.

iii.   Howell's solicitation letters to celebrities

As discussed above, these letters may be filed under seal.

iv.    Additional, undisclosed confidential information

1    The Court will not grant a motion to file undisclosed documents under seal.   Howell may file a

2    motion to file these documents under seal concurrently with her opposition to Micato's motion for

3    sanctions.

4    **3. Howell's motion to continue sanctions motion (Dkt. No. 49)**

5    Howell has moved to continue the sanctions motion for one week in the event "the Court does

6    not have sufficient time to consider this request." Dkt. No. 49 at 3.  As the Court has considered the

7    request to seal, Howell's motion to continue is DENIED.  The Court notes that even if it had not

8    considered the request, it would have denied the motion to continue as the Court need not rule on a

9    motion to file under seal before the party files the underlying brief.  Indeed, parties routinely file

10   motions to file under seal concurrently with their underlying motions.  As noted above, to the extent

11   that Howell has additional confidential documents which support her opposition to Micato's motion for

12   sanctions, Howell may move to file those documents under seal at the time that she files her opposition

13   to the motion for sanctions.

14                                          **CONCLUSION**

15           For the reasons stated, Micato's motion to file under seal is GRANTED, Howell's motion to file

16   under seal is GRANTED IN PART and DENIED IN PART, and Howell's motion to continue the

17   sanctions motion is DENIED.

18           **IT IS SO ORDERED**.

19   Dated: October 21, 2013

20                                          _____
                                           WILLIAM H. ORRICK
21                                          United States District Judge